■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY HILL, Also Known as CARLOS HILLMAN, Appellant. [666 NYS2d 644] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ferdinand, J.), rendered June

9, 1995, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court erred in seating a juror against whom he had exercised a peremptory challenge is without merit. Preliminarily, we note that the issue of whether a prima facie case of discrimination was established is moot (*see, People v Payne,* 88 NY2d 172, 182). Moreover, the court's determination that the explanation proffered by counsel for exercising the peremptory challenge was pretextual in nature is supported by the record, which establishes that counsel failed to apply his reasoning for excluding this particular juror to similarly-situated potential jurors (*see, People v Allen,* 86 NY2d 101, 110).

Contrary to the defendant's contention, the court did not err in imposing consecutive sentences for the two robberies of which he was convicted. While the robberies of the two victims were part of the same incident, the crimes involved separate acts or takings from each individual of their respective property (*see, People v Santos,* 162 AD2d 478; *compare, People v Ramirez,* 89 NY2d 444). Concurrent sentences were not mandated because the two robberies were not committed through a single act, and the robbery of one of the victims was not a material element of the robbery of the other (*see,* Penal Law § 70.25 [2]). Moreover, the sentences are not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is unpreserved for appellate review (*see,* CPL 470.05 [2]). Bracken, J. P., O'Brien, Thompson and Altman, JJ., concur.