■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN COUSER, Appellant. [756 NYS2d 686] —Appeal from a judgment of Onondaga County Court (Fahey, J.), entered March 29, 2001, convicting defendant after a jury trial of, inter alia, murder in the first degree.

It is hereby ordered that the case is held, the decision is reserved and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: We agree with defendant that County Court erred in determining that he lacked standing to contest the search of his jail cell pursuant to a search warrant and in denying his suppression motion on that ground. Defendant was an inmate at the Monroe County Jail awaiting trial on criminal charges in Monroe County, and the search was conducted by Syracuse police officers to uncover evidence of his involvement in the murder in Syracuse of the mother of the complaining witness. Because of his status as a pretrial detainee, defendant "retain[ed] an expectation of privacy within his cell sufficient to challenge the investigatory search" (*United States v Cohen,* 796 F2d 20, 24 [2d Cir 1986], *cert denied* 479 US 1055 [1987], *reh denied* 480 US 926 [1987]; *cf. Willis v Artuz,* 301 F3d 65, 69 [2d Cir 2002]).

In the alternative, the court denied defendant's suppression motion upon determining that the search warrant was supported by probable cause, that a *Franks* hearing was unnecessary (*see Franks v Delaware,* 438 US 154 [1978]; *People v Alfinito,* 16 NY2d 181 [1965]) and that the search warrant was not unconstitutionally overbroad. Although we agree with the court for reasons stated in its decision that the search warrant was supported by probable cause and that a *Franks* hearing was unnecessary, we conclude that the search warrant was overbroad to the extent that it authorized the seizure of "papers of [defendant] * * * relating to the homicide of [the mother of the complaining witness]" (*see People v Brown,* 96 NY2d 80, 84-85 [2001]). The police had probable cause to search for three particular items, and "[t]he right to search for and seize [those] item[s] does not permit the inference that there is probable cause for other items. More important, * * * an authorized search for a particular item is not * * * a device to gain access for general exploratory searches for evidence" (*People v Baker,* 23 NY2d 307, 321 [1968]). Contrary to the People's contention, *People v Hulsen* (178 AD2d 189, 190 [1991]) is distinguishable because in that case "it was not practicable, and likely not possible, to parse out records and documents relating solely to defendant's illegal activities."

We reject defendant's contention, however, that the search warrant therefore was invalid. It is well settled that an overbroad directive in a search warrant does not invalidate the entire search warrant (*see Brown*, 96 NY2d at 85-88). "Severance is feasible here because the warrant was largely specific and based on probable cause" (*id.* at 88). We therefore hold the case, reserve decision and remit the matter to Onondaga County Court for a hearing to determine what evidence should be suppressed as the fruit of the invalid portion of the search warrant (*see People v Giles*, 73 NY2d 666, 671-672 [1989]). Present—Green, J.P., Wisner, Scudder, Burns, and Gorski, JJ. [*See* 176 Misc 2d 86, 101.]