■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHEEM HOLLENQUEST, Appellant. [766 NYS2d 275] —Appeal from a judgment of Oneida County Court (Dwyer, J.), entered June 27, 2000, convicting defendant after a jury trial of, inter alia, attempted murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing that part convicting defendant of criminal possession of a weapon in the fourth degree, vacating the sentence imposed thereon and dismissing count four of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), and various weapons and drug possession charges. Contrary to defendant's contention, the evidence is legally sufficient to support the conviction of attempted murder in the second degree (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The People presented evidence that, during a routine traffic stop, defendant pointed a handgun directly at the police officer and fired it at him. That evidence is legally sufficient to support the jury's finding that defendant intended to kill the officer (*see People v Cabassa*, 79 NY2d 722, 728 [1992], *cert denied sub nom. Lind v New York*, 506 US 1011 [1992]). Because the photographs introduced at trial are "essentially collateral," the loss of those photographs does not preclude meaningful appellate review of the legal sufficiency of the evidence (*People v Yavru-Sakuk*, 98 NY2d 56, 60 [2002]). We further conclude that County Court properly admitted testimony that on a prior occasion defendant stated his intention to kill a police officer. Evidence of prior threats is admissible "if it helps to establish some element of the crime under consideration," provided that "its probative value exceeds the potential for prejudice to the defendant" (*People v Alvino*, 71 NY2d 233, 242 [1987]). Here, the challenged evidence was directly and highly relevant to the issue of defendant's intent and to refute the defense that the shooting was accidental. We likewise conclude that the court

properly allowed the People to present evidence that, shortly after the shooting, defendant committed an uncharged assault, inasmuch as evidence of subsequent similar crimes is also relevant to establish defendant's intent or state of mind (*see People v Ingram*, 71 NY2d 474, 480 [1988]). Defendant received meaningful representation (*see People v Chaney*, 284 AD2d 998 [2001], *lv denied* 96 NY2d 917 [2001]), and the sentence is not unduly harsh or severe.

We agree with defendant, however, and the People properly concede, that criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]) is an inclusory concurrent count of criminal possession of a weapon in the third degree (§ 220.16; *see* CPL 300.30 [4]). Consequently, the criminal possession of a weapon in the fourth degree count should have been dismissed when the jury returned a guilty verdict on the criminal possession in the third degree count (*see* 300.40 [3] [b]; *People v Johnson*, 39 NY2d 364, 370 [1976] [*overruled on other grounds by People v Carpenito*, 80 NY2d 65, 68 n (1992)]; *People v Cassesse*, 80 AD2d 860 [1981], *lv denied* 53 NY2d 841 [1981], *cert denied* 454 US 822 [1981]). Defendant's remaining contentions are not preserved for our review (*see* 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). We therefore modify the judgment by reversing that part convicting defendant of criminal possession of a weapon in the fourth degree, vacating the sentence imposed thereon and dismissing count four of the indictment. Present—Pigott, Jr., P.J., Green, Gorski, Lawton and Hayes, JJ.