THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN COUSER, Appellant. [785 NYS2d 212]—

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered March 29, 2001. The appeal was held by this Court by order entered March 21, 2003, the decision was reserved and the matter was remitted to the Onondaga County Court for further proceedings (303 AD2d 981 [2003]). The proceedings were held and completed.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing those parts convicting defendant of murder in the first degree, murder in the second degree and two counts of attempted murder in the second degree under counts two through five of the indictment as renumbered and dismissing those counts of the indictment as renumbered and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the first degree (Penal Law § 125.27 [1] [a] [v]) and other crimes. We previously held the case, reserved decision and remitted the matter to County Court "for a hearing to determine what evidence should be suppressed as the fruit of the invalid portion of [the over-broad] search warrant [for defendant's jail cell]" (*People v Couser*, 303 AD2d 981, 982 [2003]).

Defendant, while incarcerated in Rochester awaiting trial on robbery and attempted murder charges, conspired with others to have the complaining witness killed. When the coconspirators failed to locate that witness at the address in Syracuse provided by defendant, the coconspirators shot the occupants, killing the mother of the complaining witness and seriously wounding two nephews. Several days later, the police searched defendant's jail

cell pursuant to a search warrant to uncover evidence of defendant's involvement in the murder of the mother of the complaining witness. Upon remittal, the court suppressed only one of the exhibits seized pursuant to the search warrant, determining that exhibit Nos. 35 through 43 and exhibit No. 61 were admissible.

We agree with defendant that his conviction of murder in the first degree (Penal Law § 125.27 [1] [a] [v]), intentional murder in the second degree (§ 125.25 [1]) and two counts of attempted intentional murder in the second degree (§§ 110.00, 125.25 [1]) is not supported by legally sufficient evidence. There is no evidence that defendant shared a community of purpose with the coconspirators to kill anyone other than the complaining witness (*see People v La Belle*, 18 NY2d 405, 412 [1966]). "The entire record [at trial] is consistent with a spontaneously formed decision by [the coconspirators] to shoot [the family members of the complaining witness], in which decision [defendant] took no purposeful part" (*People v Monaco*, 14 NY2d 43, 45 [1964]; *see People v Hayes*, 117 AD2d 621, 622-623 [1986], *lv denied* 68 NY2d 668 [1986]). The People's reliance on *People v Lieberman* (3 NY2d 649 [1958]) is misplaced. Here, the original scheme did not encompass the shooting of the family members and, indeed, defendant was incarcerated at the time of the shooting and did not learn of the shooting of the family members until after it occurred.

We further conclude, however, that defendant's conviction of conspiracy in the second degree (Penal Law § 105.15) and felony murder in the second degree (§ 125.25 [3]) is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We note in particular with respect to the conviction of felony murder arising from the burglary of the Syracuse home that "the intent necessary to sustain [that] murder conviction is inferred from the intent to commit [the burglary], a specific, serious, felonious act, even though the defendant, in truth, may not have intended to kill [the mother of the complaining witness]" (*People v Gladman*, 41 NY2d 123, 125 [1976]; *see People v Stevens*, 153 AD2d 768, 770 [1989], *affd* 76 NY2d 833 [1990]). Furthermore, we reject the contentions of defendant that a person may not be convicted of felony murder when burglary is the predicate felony and his or her intent at the time of the entry is to commit murder (*see People v Miller*, 32 NY2d 157, 161 [1973]) and that the superseding indictment charging him with felony murder is invalid (*see* CPL 210.20 [6]).

Contrary to the further contentions of defendant, the court's

charge on felony murder and conspiracy "as a whole adequately conveyed to the jury the appropriate standards" (*People v Adams*, 69 NY2d 805, 806 [1987]). Defendant's contention that the court did not properly instruct the jury on the predicate crime of burglary is not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]).

Defendant additionally challenges the refusal of the court on remittal to suppress exhibit Nos. 35 through 43 and exhibit No. 61. Defendant, however, conceded on remittal that exhibit Nos. 37 and 39 were properly seized pursuant to the warrant. Even assuming, arguendo, that the court erred in refusing to suppress the other exhibits, we conclude that the error is harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 237 [1975]). "The evidence of defendant's guilt [of conspiracy and felony murder] . . . is overwhelming and we conclude that there is no reasonable possibility that the error might have contributed to defendant's conviction [of those crimes]" (*People v Moss*, 233 AD2d 948, 949 [1996], *lv denied* 89 NY2d 944 [1997]). We have reviewed the remaining contentions of defendant with respect to his conviction of those crimes and conclude that they are without merit.

We therefore modify the judgment by reversing those parts convicting defendant of murder in the first degree, intentional murder in the second degree and two counts of attempted intentional murder in the second degree and dismissing counts two through five of the indictment as renumbered. Present— Green, J.P., Scudder, Gorski and Lawton, JJ.