THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN SWITZER, Appellant. [788 NYS2d 760]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered June 26, 2001. The judgment convicted defendant, upon a jury verdict, of murder in the first degree (four counts), murder in the second degree (two counts) and attempted robbery in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of four counts of murder in the first degree (Penal Law § 125.27 [1] [a] [vii], [viii]), two counts of murder in the second degree (§ 125.25 [3]), and two counts of attempted robbery in the first degree (§§ 110.00, 160.15 [2]). Defendant contends that, because attempted robbery is an element of murder in the first degree under section 125.27 (1) (a) (vii), County Court erred in directing that the 15-year determinate sentences of imprisonment imposed for the two counts of attempted robbery run consecutively to the sentences of life imprisonment without parole imposed for the two counts of first degree murder under that section. Contrary to defendant's

contention, the court imposed two sentences of "15 years consecutive to each other determinate sentence," and thus the sentences imposed on the attempted robbery counts run consecutively to each other, not to the sentences imposed on those two first degree murder counts. Because there were two robbery victims, the court properly imposed consecutive sentences on the two counts of attempted robbery (*see People v Hill*, 245 AD2d 464 [1997], *lv denied* 91 NY2d 942 [1998]). Defendant's interpretation of the court's statements at sentencing fails because life without parole is an indeterminate sentence (*see* Penal Law § 70.00 [5]).

Contrary to defendant's further contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Anderson*, 300 AD2d 48 [2002], *lv denied* 99 NY2d 579 [2003]). The jury could properly infer defendant's intent to kill from defendant's conduct and the surrounding circumstances (*see People v Henning*, 267 AD2d 1092 [1999], *lv denied* 94 NY2d 903 [2000]). Defendant failed to preserve for our review his contention that the evidence of his intent to kill is legally insufficient (*see People v Sell*, 283 AD2d 920, 922 [2001], *lv denied* 96 NY2d 867 [2001]; *see generally People v Gray*, 86 NY2d 10, 19 [1995]). Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Pine and Hayes, JJ.