■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN M. ROBERTS, Appellant. [809 NYS2d 738]—Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered September 24, 2004. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, assault in the second degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the second degree (§ 120.05 [2]) as a lesser included offense of assault in the first degree (§ 120.10 [1]), and criminal possession of a weapon in the second degree (§ 265.03 [3]). Contrary to the contentions of defendant, the evidence of intent is legally sufficient to support the conviction of attempted murder, and the verdict finding him guilty of that crime is not against the weight of the evidence (*see People v Pagan*, 12 AD3d 1143, 1144 [2004], *lv denied* 4 NY3d 766 [2005]; *see also People v Switzer*, 15 AD3d 913, 914 [2005], *lv denied* 5 NY3d 770 [2005]; *People v Hollenquest*, 309 AD2d 1159 [2003], *lv denied* 3 NY3d 707 [2004]).

Defendant failed to preserve for our review his contention that the verdict is repugnant insofar as the jury found him guilty of attempted murder but not guilty of assault in the first degree (*see generally People v Satloff*, 56 NY2d 745 [1982], *rearg denied* 57 NY2d 674 [1982]; *People v Samwell*, 287 AD2d 663 [2001], *lv denied* 97 NY2d 760 [2002]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject the further contention of defendant that the failure to object to the allegedly repugnant verdict constitutes ineffective assistance of counsel (*see People v Carter*, 21 AD3d 1295, 1296 [2005]). Defendant failed to preserve for our review his contention that County Court penalized him for exercising his right to a jury trial by imposing a sentence greater than that offered as part of the plea bargain (*see People v Hurley*, 75 NY2d 887, 888 [1990]; *People v White*, 12 AD3d 1200 [2004], *lv denied* 4 NY3d 768 [2005]). Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Gorski and Green, JJ.