# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

761

KA 11-02602

PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JAMES H. STEEN, DEFENDANT-APPELLANT.

---

AMY L. HALLENBECK, JOHNSTOWN, FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO, FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered June 23, 2011. The judgment convicted defendant, upon a jury verdict, of murder in the first degree and murder in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the first degree (Penal Law § 125.27 [1] [a] [viii]) and two counts of murder in the second degree (§ 125.25 [3] [felony murder]). Defendant failed to preserve for our review his contention that County Court's charge with respect to the affirmative defense of extreme emotional disturbance was erroneous (*see* CPL 470.05 [2]; *People v Orta*, 12 AD3d 1147, 1148, *lv denied* 4 NY3d 801), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject defendant's contention that the alleged error in the charge constitutes a mode of proceedings error that does not require preservation (*see People v Thomas*, 50 NY2d 467, 470-472).

Contrary to defendant's further contention, we conclude that the jury's rejection of the affirmative defense of extreme emotional disturbance was not against the weight of the evidence (*see People v Reynart*, 71 AD3d 1057, 1057-1058, *lv denied* 14 NY3d 891; *People v Butera*, 23 AD3d 1066, 1067, *lv denied* 6 NY3d 774, *reconsideration denied* 6 NY3d 832). "[T]he jury was entitled to consider the conduct of defendant before and after the homicide[s] and to reject his explanation for his conduct" (*People v Domblewski*, 238 AD2d 916, 916, *lv denied* 90 NY2d 904). Additionally, although "an acquittal would not have been unreasonable" on the charge of murder in the first degree in light of defendant's testimony that he did not intend to shoot the second victim (*People v Danielson*, 9 NY3d 342, 348), we

conclude that the weight of the credible evidence nevertheless supports the jury's implicit finding that defendant intended to cause serious physical injury or death to the second victim (*see People v Switzer*, 15 AD3d 913, 914, *lv denied* 5 NY3d 770).  Viewing the evidence in light of the elements of murder in the first degree as charged to the jury (*see Danielson*, 9 NY3d at 348), we thus conclude that the verdict is not against the weight of the evidence with respect to that crime (*see generally People v Bleakley*, 69 NY2d 490, 495).

With respect to the conviction of two counts of felony murder, we reject defendant's contention that he "may not be convicted of felony murder when burglary is the predicate felony and his . . . intent at the time of the entry [was] to commit murder" (*People v Couser*, 12 AD3d 1040, 1041, *lv denied* 4 NY3d 762; *see People v Miller*, 32 NY2d 157, 161).  Viewing the evidence in light of the elements of felony murder as charged to the jury (*see Danielson*, 9 NY3d at 348), we reject defendant's further contention, premised on the above intent argument, that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  Viewing the evidence of the two counts of felony murder in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we similarly reject defendant's contention, premised on the same intent argument, that the conviction is not supported by legally sufficient evidence (*see generally Bleakley*, 69 NY2d at 495).

Finally, we conclude that the sentence of life without parole for the first degree murder conviction is not unduly harsh or severe.

Entered:  June 14, 2013                          Frances E. Cafarell
                                                 Clerk of the Court