Rose, J.E
Appeal from a judgment of the County Court of Warren County (Hall Jr., J), rendered June 15, 2011, upon a verdict convicting defendant of the crimes of murder in the second degree, manslaughter in the first degree, burglary in the first degree, assault in the second degree and burglary in the second degree (two counts).
Defendant went to the victim’s apartment and accused the victim of stealing his crack cocaine. When a fight ensued and defendant was forced to retreat, he obtained a kitchen knife from a friend’s nearby apartment “to even the odds” and returned to the victim’s apartment. As the two men grappled, defendant fatally stabbed the victim. In our prior decision in this case (74 AD3d 1567 [2010], mod 77 AD3d 1168 [2010]), we *1354 reversed defendant’s convictions for, among other things, manslaughter in the first degree. Upon retrial, defendant was convicted of felony murder, manslaughter in the first degree, burglary in the first degree, two counts of burglary in the second degree and assault in the second degree.
Relying upon People v Cahill (2 NY3d 14 [2003]), defendant argues on this appeal that the evidence of felony murder is legally insufficient because the predicate burglary is based upon his conceded intent to commit an assault. We disagree. The Court of Appeals took care to point out that its analysis in Cahill was confined to the capital murder statute (id. at 66). A felony murder conviction, on the other hand, may properly be based on a burglary as the predicate felony where the intent at the time of entry is to commit an assault or murder (see People v Miller, 32 NY2d 157, 159-161 [1973]; People v Steen, 107 AD3d 1608, 1609 [2013]; People v Couser, 12 AD3d 1040, 1041 [2004], lv denied 4 NY3d 762 [2005]). Here, the trial evidence supports the conclusion that defendant entered the apartment the second time with the intent to assault or murder the victim. Accordingly, there is no basis to disturb the verdict finding defendant guilty of felony murder.
Nor are we persuaded that County Court erred by denying defendant’s requests to charge the jury. His request for a missing witness charge, made after the close of proof, was untimely (see People v Merritt, 96 AD3d 1169, 1172 [2012], lv denied 19 NY3d 1027 [2012]; People v Rodney, 79 AD3d 1363, 1365 [2010], lv denied 19 NY3d 1105 [2012]) and, in any event, it was properly denied (see People v Turner, 73 AD3d 1282, 1284 [2010], lv denied 15 NY3d 896 [2010]). Defendant’s request to charge the lesser included offense of manslaughter in the second degree was also properly denied as there is no reasonable view of the evidence that would support a conclusion that he acted recklessly. He admitted that he intended to hurt the victim when he stabbed him and, based on the nature and force of the fatal stab wound, the only reasonable view of defendant’s conduct was that it was intentional (see People v Butler, 84 NY2d 627, 634 [1994]; People v Stanford, 87 AD3d 1367, 1368 [2011], lv denied 18 NY3d 886 [2012]; People v Lopez, 72 AD3d 593, 593 [2010], lv denied 15 NY3d 807 [2010]; People v Sussman, 298 AD2d 205, 205 [2002], lv denied 99 NY2d 585 [2003]).
Lahtinen, Spain and Garry, JJ., concur. Ordered that the judgment is affirmed.