People v Herron (2021 NY Slip Op 06512)





People v Herron


2021 NY Slip Op 06512


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


957 KA 19-01383

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTOPHER E. HERRON, DEFENDANT-APPELLANT. 






ADAM H. VAN BUSKIRK, AUBURN, FOR DEFENDANT-APPELLANT. 


 Appeal from a judgment of the Allegany County Court (Terrence M. Parker, J.), rendered June 4, 2019. The judgment convicted defendant upon a plea of guilty of burglary in the second degree (two counts), criminal possession of stolen property in the fourth degree (four counts), criminal possession of a weapon in the second degree, criminal possession of stolen property in the fifth degree, possession of burglar's tools, criminal possession of a controlled substance in the seventh degree, criminally using drug paraphernalia in the second degree (three counts), criminally possessing a hypodermic instrument (two counts), unlawful growing of cannabis, criminal possession of marihuana in the fourth degree, criminal mischief in the third degree, reckless endangerment in the second degree, criminal tampering in the third degree and criminal nuisance in the second degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Allegany County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon his Alford plea of, inter alia, two counts of burglary in the second degree (Penal Law § 140.25 [2]) and one count of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]), defendant contends that County Court abused its discretion in refusing to recuse itself. We reject that contention. " '[U]nless disqualification is required under Judiciary Law § 14, a judge's decision on a recusal motion is one of
discretion' " (People v Hazzard, 129 AD3d 1598, 1598 [4th Dept 2015], lv denied 26 NY3d 968 [2015]), and "when recusal is sought based upon 'impropriety as distinguished from legal disqualification, the judge . . . is the sole arbiter' " (People v Moreno, 70 NY2d 403, 406 [1987]). Here, defendant did not allege a disqualification, he made no showing that the court displayed actual bias (see People v McCray, 121 AD3d 1549, 1551 [4th Dept 2014], lv denied 25 NY3d 1204 [2015]), and we conclude that the court did not abuse its discretion in denying defendant's request.
Defendant contends that the plea was not voluntarily entered because the record does not contain sufficient evidence of his actual guilt to support an Alford plea. By failing to move to withdraw the plea or vacate the judgment of conviction on the ground that the record lacked the requisite " 'strong evidence of actual guilt,' " however, defendant failed to preserve his contention for our review, and this case does not fall within the narrow exception to the preservation requirement (People v Elliott, 107 AD3d 1466, 1466 [4th Dept 2013], lv denied 22 NY3d 996 [2013]; see People v Lopez, 71 NY2d 662, 666 [1988]). In any event, we conclude that "the record establishes that defendant's Alford plea was the product of a voluntary and rational choice, and the record . . . contains strong evidence of actual guilt" (Elliott, 107 AD3d at 1466 [internal quotation marks omitted]).
Defendant's contention that the People failed to establish that the weapon he was convicted of possessing was operable is a challenge to the legal sufficiency of the evidence before the grand jury, which does not survive the guilty plea (see People v Gillett, 105 AD3d 1444, 1445 [4th Dept 2013]; People v Lawrence, 273 AD2d 805, 805 [4th Dept 2000], lv denied 95 NY2d 867 [2000]).
Defendant's contention that the court erred in failing to conduct a proper inquiry into his request for substitution of counsel lacks merit. The record establishes that the court made the requisite
" 'minimal inquiry' " into defendant's reasons for requesting new counsel (People v Porto, 16 NY3d 93, 100 [2010]; see People v Small, 166 AD3d 1471, 1471 [4th Dept 2018], lv denied 32 NY3d 1177 [2019]), and determined that there was no good cause for substitution of counsel (see People v French, 172 AD3d 1909, 1910 [4th Dept 2019], lv denied 33 NY3d 1104 [2019]; People v Adger, 83 AD3d 1590, 1592 [4th Dept 2011], lv denied 17 NY3d 857 [2011]).
Contrary to defendant's further contention, the court did not err in refusing to suppress the evidence seized as the result of a traffic stop. Preliminarily, we note that defendant does not contest the basis for the initial stop and, in any event, the New York State Trooper who performed the stop had probable cause to stop the vehicle that defendant was driving based on defendant's commission of a traffic violation, i.e., speeding (see People v Robinson, 97 NY2d 341, 348-349 [2001]). Defendant's contention that the Trooper detained him for a period of time that exceeded constitutionally permissible limits lacks support in the record, which reflects that the backup Trooper who observed the weapon in defendant's vehicle arrived while the initial Trooper was still writing the speeding ticket and that there was no unnecessary delay in writing that ticket (see People v Rainey, 49 AD3d 1337, 1339 [4th Dept 2008], lv denied 10 NY3d 963 [2008]). We have considered defendant's remaining contentions concerning the vehicle stop and subsequent actions of the Troopers, and we conclude that they lack merit.
Defendant further contends that the court erred in refusing to suppress the evidence seized from his home pursuant to a search warrant. Contrary to defendant's initial contention, the search warrant is supported by probable cause. "Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed or that evidence of a crime may be found in a certain place" (People v Bigelow, 66 NY2d 417, 423 [1985]). We agree with defendant that, insofar as the search warrant application was based on information provided by an anonymous informant, that information was insufficient to establish probable cause. The information in the application concerning the informant failed to "satisf[y] the two-part Aguilar-Spinelli test requiring a showing that the informant is reliable and has a basis of knowledge for the information imparted" (People v Flowers, 59 AD3d 1141, 1142 [4th Dept 2009] [internal quotation marks omitted]). Nevertheless, we conclude that the remaining information in the warrant application provided probable cause for the warrant (see People v Rhodafox, 134 AD3d 1581, 1582 [4th Dept 2015], lv denied 27 NY3d 1005 [2016]; People v Leary, 70 AD3d 1394, 1395 [4th Dept 2010], lv denied 14 NY3d 889 [2010]) inasmuch as it was sufficient to support a reasonable belief that evidence of the thefts could be found in defendant's residence (see People v Pinkney, 90 AD3d 1313, 1315-1316 [3d Dept 2011]; People v White, 258 AD2d 677, 678 [2d Dept 1999]; People v Martin, 163 AD2d 865, 865 [4th Dept 1990]). That information established that defendant's wife provided several weapons to a Trooper and said that defendant brought them home and that she believed they were stolen property, that those weapons matched the descriptions of property stolen in a recent burglary, and that another witness informed a Trooper that he observed other property inside defendant's home that matched the description of additional stolen property.
We agree with defendant, however, that part of the warrant is overbroad. "The Fourth Amendment to the Constitution provides that no warrants shall issue except those 'particularly describing the place to be searched, and the . . . things to be seized' (US Const 4th Amend). To meet the particularity requirement, the warrant's directive must be 'specific enough to leave no discretion to the executing officer' " (People v Brown, 96 NY2d 80, 84 [2001]). Here, the warrant permitted the Troopers to search for, inter alia, "personal papers, . . . alcohol, . . . safes, . . . any communication and computers that are related to criminal activity, any . . . telephone records, cell phones that [may] contain evidence of a crime or illegal activity and any associated documentation related to any criminal activity." Those parts of the warrant were overbroad and any evidence seized pursuant to them should have been suppressed (see id.; People v Carter, 31 AD3d 1167, 1169 [4th Dept 2006]). Nevertheless, "an overbroad directive in a search warrant does not invalidate the entire search warrant" (People v Couser, 303 AD2d 981, 982 [4th Dept 2003]), and we conclude that severance of the overbroad directive is feasible here because "the warrant was largely specific and based on probable cause" (Brown, 96 NY2d at 88). We therefore hold the case, reserve decision, and remit the matter to County Court for a hearing to [*2]determine what evidence, if any, should be suppressed as the fruit of the invalid portion of the search warrant (see Couser, 303 AD2d at 982). We have considered defendant's remaining contentions concerning the search warrant, and we conclude that they do not require
modification or reversal of the judgment.
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court