People v Irwin (2024 NY Slip Op 05684)

People v Irwin

2024 NY Slip Op 05684

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, DELCONTE, AND KEANE, JJ.

696 KA 17-01714

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TIFFANIE IRWIN, DEFENDANT-APPELLANT. 

D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.
TIFFANIE IRWIN, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered December 19, 2016. The judgment convicted defendant, upon a plea of guilty, of manslaughter in the first degree and assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her, upon her Alford plea, of manslaughter in the first degree (Penal Law § 125.20 [1]) and assault in the second degree (§ 120.05 [2]). As an initial matter, we conclude that defendant's waiver of the right to appeal is invalid inasmuch as both the written waiver signed by defendant and County Court's oral waiver colloquy mischaracterized the nature of the right that defendant was being asked to cede, portraying the waiver as an absolute bar to any appeal and any postconviction relief, and there is no clarifying language in either the oral or written waiver indicating that appellate review remained available for certain issues (see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Zabko, 206 AD3d 1642, 1642-1643 [4th Dept 2022]; see e.g. People v Austin, 206 AD3d 1716, 1717 [4th Dept 2023]; People v Cossette, 199 AD3d 1397, 1398 [4th Dept 2021], lv denied 37 NY3d 1160 [2022]).
Contrary to defendant's contention in her main and pro se supplemental briefs, the court properly refused to suppress evidence obtained as a result of four search warrants. Specifically, defendant contends that three of the search warrants lacked particularity with respect to the places to be searched and that all four warrants lacked particularity with respect to the items to be seized. We reject defendant's contentions. "To meet the particularity requirement, a search warrant must (1) 'identify the specific offense for which the police have established probable cause,' (2) 'describe the place [or person] to be searched,' and (3) 'specify the items to be seized by their relation to designated crimes' " (People v Wiggins, 229 AD3d 1095, 1096 [4th Dept 2024], quoting United States v Galpin, 720 F3d 436, 445-446 [2d Cir 2013]; see People v Saeli [appeal No. 1], 219 AD3d 1122, 1124 [4th Dept 2023]). Assuming, arguendo, that defendant's challenges to the warrants are "preserved for our review because [their] validity [on those grounds] was expressly decided by the court" (People v Colon, 192 AD3d 1567, 1568 [4th Dept 2021], lv denied 37 NY3d 955 [2021]; see CPL 470.05 [2]; People v Prado, 4 NY3d 725, 726 [2004], rearg denied 4 NY3d 795 [2005]), we conclude that the warrants, which are "cloak[ed] . . . with a presumption of validity" (People v DeProspero, 91 AD3d 39, 44 [4th Dept 2011], affd 20 NY3d 527 [2013] [internal quotation marks omitted]) and are not to "be read in a hypertechnical manner" (People v Hanlon, 36 NY2d 549, 559 [1975]), were issued upon probable cause and described with sufficient particularity the places or person to be searched and the things to be seized (see People v Nieves, 36 NY2d 396, 400 [1975]; see generally US Const, [*2]4th Amend; NY Const, art 1, § 12). As written, the warrants were " 'specific enough to leave no discretion to the executing officer[s]' " (People v Brown, 96 NY2d 80, 84 [2001]; see People v Herron, 199 AD3d 1476, 1479 [4th Dept 2021]).
We also reject defendant's contention in her main and pro se supplemental briefs that her Alford plea should be vacated. Initially, we note that "so long as [a] plea agreement is voluntarily, knowingly and intelligently made, the fact that it is linked to the prosecutor's acceptance of a plea bargain favorable to [third persons] does not, by itself, make defendant's plea illegal" (People v Fiumefreddo, 82 NY2d 536, 544 [1993]). "Although 'connected pleas can present concerns which require special care . . . ,' the inclusion of a third-party benefit is just one factor to consider in determining whether a plea was voluntarily, knowingly, and intelligently made" (People v Shaw, 222 AD3d 1401, 1402 [4th Dept 2023], lv denied 42 NY3d 930 [2024], quoting Fiumefreddo, 82 NY2d at 545). Here, " 'the record establishes that defendant's Alford plea was the product of a voluntary and rational choice, and the record . . . contains strong evidence of actual guilt' " (Herron, 199 AD3d at 1477; see People v Wilson, 197 AD3d 1006, 1007 [4th Dept 2021], lv denied 37 NY3d 1100 [2021]).
We have reviewed defendant's remaining contentions in her main brief, including her challenge to the severity of her negotiated sentence, and conclude that none warrants modification or reversal of the judgment.
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court