■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK S. PETERS, Appellant.—Mikoll, J. P. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered November 7, 1991, upon a verdict convicting defendant of the crimes of sexual abuse in the second degree and sexual abuse in the third degree.

On March 27, 1991, defendant was charged in a four-count indictment with two counts of sexual abuse in the first degree, sexual abuse in the second degree and sexual abuse in the third degree. These charges were the result of allegations made by a 13-year-old female student at the high school where defendant was a gym teacher and swimming coach. The student claimed that defendant had fondled her breasts, buttocks and the area between her legs on two different occasions at the high school, once in the fall of 1989 and the other in the spring of 1990.

Following a pretrial hearing conducted in accordance with People v Ventimiglia (52 NY2d 350), County Court ruled that the prosecution could introduce evidence that defendant had a prior consensual sexual relationship at the school with a 17-year-old student of the high school as a prior bad act to establish intent, motive and a common scheme. This evidence was received at trial over defendant's objection.

Defendant was found guilty of the charges alleging sexual abuse in the second and third degree (misdemeanors), but was acquitted of the two sexual abuse in the first degree (felony) counts; he was sentenced to a determinate jail sentence of 12 months on the second degree count and three months on the third degree count. The sentences are to run consecutively.

Defendant contends on this appeal that the judgment should be reversed because (1) County Court improperly denied defendant's motions for a trial order of dismissal at the close of the prosecution's case and at the close of the evidence, (2) the indictment did not allege the dates and times of the crimes with sufficient specificity, (3) County Court erroneously allowed testimony as to an alleged prior bad act of defendant concerning a sexual relationship with a 17-year-old, and (4) defendant's cross-examination of the victim was improperly limited by restricting questioning of complainant concerning

her alleged prior false accusations of rape. We agree that there must be a reversal.

County Court committed reversible error requiring a new trial in admitting testimony of defendant's prior consensual sexual relationship with a 17-year-old female student on school grounds. Because the testimony was not relevant to any issue in the case other than showing defendant's propensity to commit the crime charged, it was therefore inadmissible, prejudicial and unfair (see, People v Hudy, 73 NY2d 40, 55; People v Alvino, 71 NY2d 233, 241; People v Lewis, 69 NY2d 321, 325). It is clear that this evidence is relevant only as to defendant's propensity to commit the crime charged, namely that he was more likely to have committed the act charged by virtue of his earlier sexual relationship with the 17-year-old student. The testimony did not come within any of the exceptions set forth in People v Molineux (168 NY 264) and its prejudicial effect outweighed any probative worth attached to it.

Defendant's argument that the indictment should be dismissed because it failed to set forth the dates and times of the alleged crimes with sufficient specificity to enable him to present an alibi defense is without merit. The indictment conforms to the standard provided in CPL 200.50, which requires that the indictment state a "designated period of time" in which the offense occurred (CPL 200.50 [6]; see, People v Morris, 61 NY2d 290, 294). As amplified, the indictment presents adequately designated periods of time (see, supra).

The indictment also meets constitutional notice requirements giving sufficient notice to enable defendant to present an effective defense (see, supra; see also, People v Beauchamp, 74 NY2d 639, 641; People v Keindl, 68 NY2d 410, 416). Further, an exact date and place are not essential elements of a sexual abuse crime (see, People v Duboy, 150 AD2d 882, lv denied 74 NY2d 846; People v Hunt, 148 AD2d 836, lv denied 74 NY2d 665).

In view of our reversal on the ground that it was error to admit the evidence of the prior consensual sexual relationship with a 17-year-old student, we do not reach defendant's other claims of reversible error.

Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Columbia County for a new trial.