■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED GEORGE, Appellant. [671 NYS2d 671] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered July 10, 1996, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he is not entitled to a new trial because of the prosecutor's opening statement. While the prosecutor made arguments in his opening statement which were better suited to a closing statement, and improperly vouched for the credibility of the People's witnesses in the opening statement, the court instructed the jury to disregard certain comments, and issued prompt and forceful curative instructions. In addition, there was overwhelming evidence of the defendant's guilt (*see, People v Crimmins,* 36 NY2d 230). Under these circumstances, reversal is not warranted (*see, People v Gonzalez,* 229 AD2d 398; *People v Nathan,* 224 AD2d 640; *People v Sanders,* 213 AD2d 432; *People v Rivera,* 88 AD2d 892).

Furthermore, the trial court did not err in closing the courtroom during the testimony of the undercover police officer. The testimony of the officer at the *Hinton* hearing sufficiently established a link between the officer's fear for his safety and his open court testimony (*see, People v Ayala,* 90 NY2d 490; *People v Martinez,* 82 NY2d 436; *People v Pagan,*

245 AD2d 312). Moreover, it may be implied from the court's determination that excluding the public from the courtroom was "the least restrictive alternative that would ensure the officer's safety" (*People v Ayala, supra,* at 505; *see, People v Ortiz,* 244 AD2d 435).

The defendant's remaining contentions are unpreserved for appellate review or are without merit. Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.