■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAAD ALMETHOKY, Appellant. [779 NYS2d 709]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered June 17, 2002. The judgment convicted defendant, upon a jury verdict, of rape in the third degree (four counts), criminal possession of a weapon in the third degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of four counts of rape in the third degree (Penal Law § 130.25 [2]) and one count each of criminal possession of a weapon in the third degree (§ 265.02 [1]) and endangering the welfare of a child (§ 260.10 [1]). We conclude that the verdict is not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495 [1987]) and that *Miranda* warnings were adequately communicated to defendant. However, as the People correctly concede, reversal is required based on prosecutorial misconduct during summation (*see generally People v Mott,* 94 AD2d 415, 421-422 [1983]). The prosecutor's comments on summation were irrelevant and inflammatory (*see People v Downing,* 112 AD2d 24, 25 [1985]) and "had 'a decided tendency to prejudice the jury' " (*People v Halm,* 81 NY2d 819, 821 [1993], quoting *People v Ashwal,* 39 NY2d 105, 110 [1976]). Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.