THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN R. CARTER, Also Known as ALAN RICHARD CARTER, Appellant. [818 NYS2d 380]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered August 6, 2004. The judgment convicted defendant, upon a jury verdict, of sodomy in the first degree, sodomy in the third degree (two counts), unlawful imprisonment in the second degree and unlawfully dealing with a child in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, that part of the motion seeking to suppress evidence obtained pursuant to the search warrant is granted and a new trial is granted on counts two through six of the indictment.

Memorandum: Defendant appeals from a judgment convicting him of one count each of sodomy in the first degree (Penal Law former § 130.50 [1]), unlawful imprisonment in the second degree (§ 135.05), and unlawfully dealing with a child in the first degree (§ 260.20 [2]) and two counts of sodomy in the third degree (former § 130.40 [3]). The 17-year-old victim testified that he was working at defendant's residence when defendant invited him into the residence, gave him alcoholic beverages, and then forcibly sodomized him. We agree with defendant that County Court committed reversible error in precluding him from presenting testimony concerning the reputation of the victim inasmuch as the record establishes that defense counsel had laid an appropriate foundation for that testimony and had agreed to limit his direct examination of the witnesses to the general reputation of the victim in the community for truth and veracity (*see People v Hanley*, 5 NY3d 108, 112 [2005]; *People v Pavao*, 59 NY2d 282, 290 [1983]; *People v Streitferdt*, 169 AD2d 171, 175 [1991], *lv denied* 78 NY2d 1015 [1991]). The court also committed reversible error in allowing the People to present the testimony of a witness concerning his sexual acts with defendant. "Because the testimony was not relevant to any issue in the case other than showing defendant's propensity to commit the crime charged, it was therefore inadmissible" (*People v Peters*, 187 AD2d 883, 884 [1992], *lv denied* 81 NY2d 891 [1993]). There was no indication that the sexual encounter between the witness and defendant was anything but consensual. The testimony therefore did not come within an exception set forth in *People v Molineux* (168 NY 264, 291-294), "and its prejudicial effect outweighed any probative worth" (*Peters*, 187 AD2d at 884). The court's improper preclusion of the testimony

proffered by defendant and improper admission of testimony proffered by the People cannot be deemed harmless error under the circumstances of this case (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

We note in addition that the prosecutor engaged in misconduct in his opening and closing statements and in his cross-examination of defense witnesses (*see generally People v Mott*, 94 AD2d 415, 421-422 [1983]). We note in particular the prosecutor's misconduct in emphasizing the age difference between defendant and the victim without clarifying that the age difference was relevant with respect to only one charge, i.e., unlawfully dealing with a child in the first degree. We note in addition the prosecutor's numerous inflammatory references to defendant as a dangerous sexual predator. We conclude that the prosecutor's inflammatory comments, along with the comments concerning the age difference that were relevant only with respect to one of the crimes charged, "had 'a decided tendency to prejudice the jury' " (*People v Halm*, 81 NY2d 819, 821 [1993], quoting *People v Ashwal*, 39 NY2d 105, 110 [1976]; *see People v Almethoky*, 9 AD3d 882 [2004]).

We further agree with defendant that the search warrant was overbroad because it allowed the police to obtain evidence not specifically connected to the alleged crimes related to the victim (*see People v Couser*, 303 AD2d 981 [2003]). Although "[i]t is well settled that an overbroad directive in a search warrant does not invalidate the entire search warrant" (*id.* at 982), we conclude on the record before us that the court should have suppressed all of the evidence obtained by the police. Contrary to defendant's contention, the conviction of sodomy in the third degree is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). In view of our decision, we do not review defendant's remaining contentions. Present—Gorski, J.P., Martoche, Green, Pine and Hayes, JJ.