■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT D. BALLERSTEIN, Appellant. [860 NYS2d 718]—

Appeal from a judgment of the Wyoming County Court (Mark H. Dadd, J.), rendered December 7, 2006. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree and sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]) and sexual abuse in the first degree (§ 130.65 [3]). We reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We

agree with defendant, however, that the cumulative effect of evidentiary errors and prosecutorial misconduct deprived him of his right to a fair trial. We note at the outset that, although certain evidentiary errors and instances of prosecutorial misconduct are not preserved for our review (*see* CPL 470.05 [2]), we exercise our power to address them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), inasmuch as "we are mindful of our 'overriding responsibility' to ensure that 'the cardinal right of a defendant to a fair trial' is respected in every instance" (*People v Wlasiuk*, 32 AD3d 674, 675 [2006], *lv dismissed* 7 NY3d 871 [2006], quoting *People v Crimmins*, 36 NY2d 230, 238 [1975]).

Addressing first the cumulative effect of evidentiary errors, we agree with defendant that County Court erred in admitting hearsay, including excerpts from the victim's diary, testimony relating to the victim's menstruation, testimony from the ex-boyfriend of the victim's mother concerning a videotape that he never viewed, and testimony from various witnesses concerning the victim's allegations of sexual abuse. We note in particular that the court admitted in evidence the double hearsay testimony of the medical director of the Child Advocacy Center with respect to statements made by the victim to a nurse at the center when the medical director was not present, despite the fact that the court had granted defendant's motion in limine seeking to preclude that testimony. Moreover, all of the victim's statements made at the Child Advocacy Center were inadmissible because they were made during the course of a forensic examination and were not "relevant to diagnosis and treatment" (*People v Bradley*, 15 AD3d 840, 841 [2005], *lv denied* 4 NY3d 851 [2005]; *see People v Brown [Burcham]*, 262 AD2d 328 [1999], *lv denied* 94 NY2d 820 [1999]; *cf. People v Thomas*, 282 AD2d 827, 828 [2001], *lv denied* 96 NY2d 925 [2001]). The error in the admission of the victim's statements made at the Child Advocacy Center was compounded by the improper admission of the medical director's opinion testimony concerning the credibility of the victim's statements. The opinion testimony of the medical director improperly intruded upon the function of the jury to determine whether to credit the victim's statements (*see People v Eberle*, 265 AD2d 881, 882 [1999]). Nevertheless, we conclude that the court properly admitted the testimony of the medical director that the victim was acting out sexually. He testified that such behavior could be a sign of sexual abuse, although there could be other explanations for that behavior, and he was properly allowed to testify as an expert on that issue because his testimony was "not within the ken of a typical juror" (*People v Cintron*, 75 NY2d 249, 267 [1990]; *see generally Matter of Nicole V.*, 71 NY2d 112, 120-122 [1987]).

With respect to the contention of defendant that he was denied a fair trial by prosecutorial misconduct, we agree with defendant that the prosecutor improperly appealed to the jurors' sympathies in his opening statement (*see People v Brown*, 26 AD3d 392, 393 [2006]). In addition, he improperly vouched for the credibility of the victim (*see id.*; *People v George*, 249 AD2d 488 [1998], *lv denied* 92 NY2d 879 [1998]), and he engaged in misconduct by commenting on the credibility of an individual whom he did not intend to call as a witness. Further, throughout the trial, the prosecutor asked leading questions that circumvented unfavorable rulings of the court and introduced evidence that the court had precluded him from presenting. Finally, in his closing statement, the prosecutor made several "irrelevant comments which [had] no bearing on any legitimate issue in the case" (*People v Ashwal*, 39 NY2d 105, 109 [1976]) and, in stating that "[p]rosecutors seek justice and juries deliver it in cases such as these," he "exceed[ed] the bounds of legitimate advocacy" (*People v Melendez*, 11 AD3d 983, 984 [2004], *lv denied* 4 NY3d 888 [2005]; *see People v Benedetto*, 294 AD2d 958, 959 [2002]). Furthermore, the prosecutor impermissibly warned the jury not to "fall into the same trap the Department of Social Services has fallen into," whereby the victim "got lost in the system." "Such appeals to emotion tend to deflect the jurors' attention from issues of fact on the question of guilt or innocence" (*People v Bowie*, 200 AD2d 511, 513 [1994], *lv denied* 83 NY2d 869 [1994]), and cause them instead to focus on protecting the victim and correcting an alleged error in the child protective system (*see generally People v Ivey*, 83 AD2d 788, 789 [1981]). We can only conclude herein that the prosecutor's "inflammatory [comments had] a decided tendency to prejudice the jury against the defendant" (*Ashwal*, 39 NY2d at 110; *see People v Carter*, 31 AD3d 1167, 1169 [2006]; *People v Almethoky*, 9 AD3d 882 [2004]).

We thus conclude that reversal is required based upon the cumulative effect of evidentiary errors and prosecutorial misconduct, which substantially prejudiced defendant's rights (*see generally People v Calabria*, 94 NY2d 519, 523 [2000]). In light of our determination, we do not reach defendant's remaining contention. Present—Centra, J.P., Lunn, Peradotto, Green and Pine, JJ.