People v Leigh (2022 NY Slip Op 05184)

People v Leigh

2022 NY Slip Op 05184

Decided on September 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 15, 2022

108968
[*1]The People of the State of New York, Respondent,
v
Kenneth Leigh, Appellant.

Calendar Date:August 17, 2022

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald and McShan, JJ.

Cappy Weiner, Kingston, for appellant.
Mary Pat Donnelly, District Attorney, Troy (George J. Hoffman Jr. of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the County Court of Rensselaer County (Andrew G. Ceresia, J.), rendered June 24, 2016, upon a verdict convicting defendant of the crime of burglary in the second degree.
Defendant was charged by indictment with burglary in the second degree, robbery in the second degree, grand larceny in the fourth degree, petit larceny and two other misdemeanor offenses stemming from allegations that, in March 2015, defendant and two others unlawfully entered an apartment in the Town of Schodack, Rensselaer County from which they stole property while the victim was inside. Following a jury trial, defendant was convicted of burglary in the second degree and acquitted of the remaining counts.[FN1] After the jury was discharged, defendant orally moved to set aside the verdict arguing that his conviction for burglary in the second degree was repugnant to and inconsistent with the jury finding him not guilty of the remaining counts. County Court denied the motion. After another unsuccessful motion to set aside the verdict, defendant was sentenced, as a second felony offender, to a prison term of 10 years, to be followed by five years of postrelease supervision. Defendant appeals.
Defendant contends that the victim's identification during trial was unduly influenced by a prior photo array in which his eyes were overly distinctive. We disagree. "In cases where there has been no pretrial identification procedure or the witness is unable to render a positive identification of the defendant, and the defendant is identified in court for the first time, the defendant is not deprived of a fair trial because the defense counsel is able to explore weaknesses and suggestiveness of the identification in front of the jury" (People v Johnson, 197 AD3d 725, 727 [2d Dept 2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 1097 [2021]; see People v Madison, 8 AD3d 956, 957 [4th Dept 2004], lv denied 3 NY3d 709 [2004]). Here, it is undisputed that the victim was unable to render a positive identification from the photo array. Therefore, she was not precluded from making an in-court identification of defendant (see People v Johnson, 197 AD3d at 727; People v Morales, 176 AD3d 1235, 1235 [2d Dept 2019]). Notably, during cross-examination of the victim, defendant questioned her about potential suggestiveness that may have tainted the photo array and subsequent in-court identification, and then discussed those weaknesses during summation. Indeed, "[t]he victim's prior inability to identify defendant in [the] photo array goes to the weight to be given her [in-court] identification, not its admissibility" (People v Fuller, 185 AD2d 446, 449 [3d Dept 1992], lv denied 80 NY2d 974 [1992]; see People v Grant, 94 AD3d 1139, 1140 [2d Dept 2012], lv denied 20 NY3d 1099 [2013]). Accordingly, defendant's right to a fair trial was not infringed by the victim's positive in-court identification.
Defendant also asserts that he was deprived of a fair trial [*2]by virtue of two inflammatory remarks that the prosecutor made during summation. Although we agree with defendant that the challenged comments were improper,[FN2] defendant was not substantially prejudiced and his due process right to a fair trial was not violated. "Here, the isolated comments of the prosecutor during . . . summation, while improper, were met with sustained objections and immediate curative instructions" (People v Story, 81 AD3d 1168, 1169 [3d Dept 2011]; see People v Nadal, 131 AD3d 729, 731 [3d Dept 2015], lv denied 26 NY3d 1041 [2015]). Moreover, these comments "were not so egregious, when viewed in the context of the summation as a whole, to establish a flagrant and pervasive pattern of misconduct sufficient to deprive defendant of a fair trial" (People v Guay, 72 AD3d 1201, 1203-1204 [3d Dept 2010] [internal quotation marks and citations omitted], affd 18 NY3d 16 [2011]; see People v Gertz, 204 AD3d 1166, 1171 [3d Dept 2022], lv denied 38 NY3d 1070 [2022]).
Finally, defendant's remaining contention, that the verdict convicting him of burglary in the second degree is repugnant given that he was acquitted of the remaining counts, is unpreserved because he failed to raise an objection to the verdict before the jury was discharged (see People v Satloff, 56 NY2d 745, 746 [1982]; People v Agudio, 194 AD3d 1270, 1275 [3d Dept 2021]).
Clark, J.P., Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Count six of the indictment, charging defendant with animal cruelty in violation of Agriculture and Markets Law § 353, was dismissed upon consent at the close of the People's proof.

Footnote 2: We agree with defendant that the first comment constituted an improper appeal to the jurors' fears and sympathy (see People v Spruill, 5 AD3d 318, 320 [1st Dept 2004]), lv denied 3 NY3d 648 [2004]), and the second was improper because the prosecutor "expressed his personal opinion in an effort to vouch for the credibility of [a] witness[]" (People v Casanova, 119 AD3d 976, 978-979 [3d Dept 2014]).