People v Almenteros (2023 NY Slip Op 01113)

People v Almenteros

2023 NY Slip Op 01113

Decided on March 2, 2023 

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 2, 2023 

110747
[*1]The People of the State of New York, Respondent,
v
Ricardo Almenteros, Appellant.

Calendar Date:January 18, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Ceresia and Fisher, JJ.

John B. Casey, Cohoes, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the County Court of Ulster County (Donald A. Williams, J.), rendered August 28, 2018, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree.
Defendant was the front seat passenger in a vehicle traveling northbound on Interstate Route 87, approximately two hours north of New York City, when the vehicle was stopped by state troopers for an unilluminated license plate. Following questioning of the occupants — which, in addition to defendant, included his son and stepson — a trooper used a canine partner to perform a search of the vehicle's exterior, and the canine alerted at the front of the vehicle. The troopers then opened the hood of the car and found a bag containing over two pounds of cocaine. Defendant was indicted, along with his son and stepson, on charges of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree.
Defendant eventually moved to suppress the drug evidence as well as statements that he made to the troopers during the traffic stop. A suppression hearing was held, after which County Court denied the motion, and defendant thereafter proceeded to a jury trial, although his codefendants pleaded guilty. At the conclusion of the trial, defendant was found guilty as charged, and was ultimately sentenced to a prison term of 12 years to be followed by five years of postrelease supervision for the conviction of criminal possession of a controlled substance in the first degree, with a lesser concurrent term of incarceration for the other conviction. Defendant appeals.
Defendant first contends that his motion to suppress was improperly denied because the troopers were not justified in conducting a canine search of the exterior of the vehicle. We disagree. Where circumstances arise during a traffic stop that provide the police with a founded suspicion that criminal activity is afoot, the stop may be extended beyond its original purpose and a canine sniff of the vehicle's exterior may be utilized (see People v Blandford, 190 AD3d 1033, 1036 [3d Dept 2021], affd 37 NY3d 1062 [2021], cert denied ___ US ___, 142 S Ct 1382 [2022]; People v Sanders, 185 AD3d 1280, 1282 [3d Dept 2020], lv denied 35 NY3d 1115 [2020]). The troopers' suppression hearing testimony revealed that, during the traffic stop, it was discovered that the driver's license of defendant's son, who was driving the vehicle, was suspended, and upon being informed of this fact, defendant's son became agitated and verbally aggressive. In addition, defendant told the troopers that they were on their way home to the City of Rochester, Monroe County after visiting a relative in New York City. According to defendant's description, this was a 12-hour round trip for a visit that lasted 30 minutes. By contrast, defendant's son initially told the troopers [*2]that he did not know where they were coming from, and later said that they were coming from Patterson, New Jersey. A trooper testified that both New York City and Patterson, New Jersey are known "source cit[ies]" for narcotics trafficking, and that drug traffickers are known to make "quick turn around trip[s]" when transporting narcotics. The foregoing testimony, and particularly the inconsistent and suspicious explanations for the late-night trip, provided the requisite founded suspicion of criminality (see People v Cooper, 199 AD3d 1061, 1062 [3d Dept 2021], lv denied 38 NY3d 926 [2022]; People v Blandford, 190 AD3d at 1036). 
Next, County Court did not abuse its discretion in denying defendant's motion to reopen the suppression hearing during the trial. "A court may permit a defendant to renew his or her suppression motion and reopen a suppression hearing if . . . the court is satisfied, upon a showing by the defendant, that additional pertinent facts have been discovered by the defendant which he or she could not have discovered with reasonable diligence before the determination of the motion" (People v Castro, 206 AD3d 1444, 1447-1448 [3d Dept 2022] [internal quotation marks, brackets and citations omitted], lv denied 38 NY3d 1132 [2022]; see People v Gibson, 117 AD3d 1317, 1322 [3d Dept 2014], affd 24 NY3d 1125 [2015]). As County Court noted, defendant's argument that certain trial evidence called into question the timing and length of the traffic stop was largely speculative. As such, we decline to disturb the court's discretionary determination.
Defendant also contends that he was deprived of the right to present a defense — specifically, that County Court improperly prevented him from offering proof that the codefendants had pleaded guilty to possession of the cocaine. During the trial, defendant testified in his own defense, and on cross-examination he was asked how the drugs got in the vehicle. Defendant responded that he did not know and that he did not put them there, and then went on to state: "[a]nd don't forget in that car there was three people and the three people, that two of them already pleaded guilty of what was in the car." In response to this testimony, the People asked to approach the bench and, following extensive discussion, both on and off the record, the court ordered this testimony stricken and instructed the jury to disregard it, a ruling with which defendant now takes issue. Defendant, however, failed to preserve this claim for appellate review, as he did not object to the ruling — indeed, it was defense counsel who proposed during the sidebar that County Court instruct the jury to disregard the testimony, and later expressly indicated that he had no objection to the court's admonition (see People v Gethers, 151 AD3d 1398, 1401-1402 [3d Dept 2017], lv denied 30 NY3d 980 [2017]; People v Smith, 266 AD2d 639, 641 [3d Dept 1999], lv denied 94 NY2d 907 [2000]). 
Turning to defendant's argument that he was deprived [*3]of a fair trial by certain remarks made by the prosecutor during cross-examination and on summation, "[r]eversal based on prosecutorial misconduct is warranted if the misconduct is such that the defendant suffered substantial prejudice, resulting in a denial of due process" (People v Lombardo, 200 AD3d 1479, 1479 [3d Dept 2021] [internal quotation marks and citation omitted], lv denied 38 NY3d 929 [2022]; see People v Castro, 206 AD3d at 1451). "That determination hinges upon the severity and frequency of the conduct, whether the trial court took appropriate action to dilute the effect of the conduct and whether, from a review of the evidence, it can be said that the result would have been the same absent such conduct" (People v Gertz, 204 AD3d 1166, 1171 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 1070 [2022]; see People v Sammeth, 190 AD3d 1112, 1118 [3d Dept 2021], lv denied 36 NY3d 1123 [2021]). Here, with one exception, the comments now challenged by defendant were not preserved for review by way of defense objections (see People v Lombardo, 200 AD3d at 1479), and we find that those comments were infrequent and lacking in severity (see People v Gertz, 204 AD3d at 1171). As for the comment that was objected to by defendant, during a contentious portion of the prosecutor's cross-examination of defendant, the prosecutor asked defendant if he knew that his son had $30,000 in cash on him during the trip to New York City, and defendant responded that he did not know that, further commenting that the prosecutor knew more than he did. The prosecutor then responded, "[a]nd I know you're guilty." County Court immediately sustained defendant's ensuing objection and instructed the prosecutor to refrain from such commentary. While clearly improper, we do not find that this comment, which was promptly addressed by the court, denied defendant of his right to a fair trial or that the jury would not have convicted defendant but for the remark (see People v Leigh, 208 AD3d 1463, 1464-1465 [3d Dept 2022]; People v Watson, 183 AD3d 1191, 1196 [3d Dept 2020], lv denied 35 NY3d 1049 [2020]).
Regarding defendant's assertion that County Court should have instructed the jury not to consider his previous conviction as evidence of propensity, this is unpreserved for our review. That is, when the People inquired on cross-examination, pursuant to the court's Sandoval ruling, as to whether defendant had a prior conviction, defense counsel made no request for any limiting instruction (see People v Lee, 66 AD3d 1116, 1121 [3d Dept 2009]). We also note that defendant was only briefly asked whether he had a prior felony conviction and was not questioned regarding the nature of the conviction or any underlying facts. 
Finally, we reject defendant's claim that the sentence was harsh and excessive. Defendant contends that he was punished for exercising his right to a jury trial, as evidenced by the fact that his prison sentence was three [*4]times the pretrial plea offer, as well as the fact that his codefendants received shorter sentences. Initially, defendant's challenge to the perceived disparities in sentencing is unpreserved (see People v Houze, 177 AD3d 1184, 1189 [3d Dept 2019], lv denied 34 NY3d 1159 [2020]). "In any event, while the sentence imposed was greater than that offered to defendant during plea negotiations, there is nothing in the record establishing that he was punished for asserting his right to trial or that the lengthier sentence ultimately imposed was the result of vindictiveness or retaliation" (id. [internal quotation marks, brackets and citation omitted]). The pretrial offer was a prison sentence of four years, plus two years of postrelease supervision, in exchange for a plea to the reduced charge of criminal possession of a controlled substance in the fifth degree, a class D felony.[FN1] By contrast, defendant was convicted at trial of a class A-I felony. This charge carried a sentencing range of 8 to 20 years, with a mandatory term of five years of postrelease supervision. As defendant's 12-year sentence was on the lower end of the sentencing range, and noting his criminal history, his lack of remorse and the seriousness of the offense, we decline to modify the sentence (see People v Alexander, 160 AD3d 1121, 1124 [3d Dept 2018], lv denied 31 NY3d 1144 [2018]; People v Bridge, 69 AD3d 969, 970 [3d Dept 2010]).
Egan Jr., J.P., Lynch, Aarons and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: This plea offer was made with an understanding that defendant would be sentenced as a second felony offender. However, it was later determined that defendant did not qualify as a second felony offender, such that the contemplated four-year sentence would not have been lawful (see Penal Law § 70.70 [2] [a] [iii]).