People v Cleveland (2023 NY Slip Op 03095)

People v Cleveland

2023 NY Slip Op 03095

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, MONTOUR, AND OGDEN, JJ.

115 KA 17-00980

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
VERNON L. CLEVELAND, JR., DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered April 4, 2017. The judgment convicted defendant, upon a jury verdict, of kidnapping in the second degree, robbery in the first degree and robbery in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by directing that the sentences shall run concurrently with one another, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of kidnapping in the second degree (Penal Law
§ 135.20), robbery in the first degree (§ 160.15 [4]), and two counts of robbery in the second degree (§ 160.10 [1], [3]). The conviction arose from events in which defendant and another male perpetrator robbed at gunpoint a food delivery worker (victim) after he had made a delivery at an apartment building, accompanied the victim to his vehicle and had him sit in the back seat and, after driving the vehicle for a time, forced the victim to get into the trunk, from which the victim eventually escaped by pulling the release latch and running away when the vehicle stopped.
Defendant contends on appeal that County Court erred by failing to conduct a sufficient minimal inquiry into his complaints about defense counsel underlying his pretrial request for substitution of counsel. We reject that contention. Here, even assuming, arguendo, that defendant's complaints about defense counsel "suggested a serious possibility of good cause for a substitution of counsel requiring a need for further inquiry" (People v Bethany, 144 AD3d 1666, 1669 [4th Dept 2016], lv denied 29 NY3d 996 [2017], cert denied — US &mdash, 138 S Ct 1571 [2018]), we conclude that the court "conducted the requisite 'minimal inquiry' to determine whether substitution of counsel was warranted" (People v Chess, 162 AD3d 1577, 1579 [4th Dept 2018], quoting People v Sides, 75 NY2d 822, 825 [1990]). The record establishes that the court "afforded defendant the opportunity to express his objections concerning defense counsel, and . . . thereafter reasonably concluded that defendant's objections were without merit" (Bethany, 144 AD3d at 1669), and "properly concluded that defense counsel was 'reasonably likely to afford . . . defendant effective assistance' of counsel" (People v Bradford, 118 AD3d 1254, 1255 [4th Dept 2014], lv denied 24 NY3d 1082 [2014], quoting People v Medina, 44 NY2d 199, 208 [1978]).
Defendant next contends that the court erred in permitting, over his objection, the victim to identify him as one of the perpetrators for the first time at trial. We reject that contention as well. Where, as here, "[a] witness is unable to render a positive identification of the defendant [during a pretrial identification procedure], and the defendant is identified in court [by that witness] for the first time, the defendant is not [thereby] deprived of a fair trial because the [defendant] is able to explore weaknesses and suggestiveness of the identification in front of the [*2]jury" (People v Leigh, 208 AD3d 1463, 1464 [3d Dept 2022] [internal quotation marks omitted]; see People v Madison, 8 AD3d 956, 957 [4th Dept 2004], lv denied 3 NY3d 709 [2004]). The record establishes that, "during cross-examination of the victim, defendant questioned [him] about potential suggestiveness that may have tainted the . . . in-court identification, and then discussed those weaknesses during summation" (Leigh, 208 AD3d at 1464). Indeed, "[t]he victim's prior inability to identify defendant in a photo array [went] to the weight to be given [his] identification, not its admissibility" (People v Fuller, 185 AD2d 446, 449 [3d Dept 1992], lv denied 80 NY2d 974 [1992], reconsideration denied 81 NY2d 788 [1993]; see Leigh, 208 AD3d at 1464; People v Clark, 139 AD3d 1368, 1370 [4th Dept 2016], lv denied 28 NY3d 928 [2016]). We thus conclude that "defendant's right to a fair trial was not infringed by the victim's positive in-court identification" (Leigh, 208 AD3d at 1464).
Defendant further contends that the evidence is legally insufficient to establish his identity as one of the perpetrators of the offenses. Initially, contrary to the People's assertion, we conclude that "[w]hile [defendant's general motion for a trial order of dismissal] alone would not have been sufficient to preserve the issue for our review . . . , when coupled with the trial [court's] specific findings as to [identity], the question now on appeal was expressly decided by that court" and is thus preserved for our review (People v Prado, 4 NY3d 725, 726 [2004], rearg denied 4 NY3d 795 [2005]; see CPL 470.05 [2]; People v Jones, 100 AD3d 1362, 1363 [4th Dept 2012], lv denied 21 NY3d 1005 [2013], cert denied 571 US 1077 [2013]). Defendant's contention nonetheless lacks merit. "Legal sufficiency review requires that we view the evidence in the light most favorable to the prosecution, and, when deciding whether a jury could logically conclude that the prosecution sustained its burden of proof, [w]e must assume that the jury credited the People's witnesses and gave the prosecution's evidence the full weight it might reasonably be accorded" (People v Allen, 36 NY3d 1033, 1034 [2021] [internal quotation marks omitted]; see People v Hampton, 21 NY3d 277, 287-288 [2013]; People v Delamota, 18 NY3d 107, 113 [2011]). Viewed in that light, we conclude that the direct and circumstantial evidence—including the victim's in-court identification of defendant, the DNA evidence linking defendant to the apartment building, the fingerprint evidence establishing defendant's interaction with the vehicle, and defendant's cell phone data placing him in the area of the apartment building at the time of the incident—is legally sufficient to establish defendant's identity as a perpetrator of the offenses (see People v Clark, 171 AD3d 942, 942 [2d Dept 2019], lv denied 33 NY3d 1067 [2019]; see also People v Spencer, 191 AD3d 1331, 1331-1332 [4th Dept 2021], lv denied 37 NY3d 960 [2021]).
We reject defendant's related assertion that the victim's identification testimony is incredible as a matter of law. Under a legal sufficiency review, "[i]ncredibility as a matter of law may result '[w]hen all of the evidence of guilt comes from a single prosecution witness who gives irreconcilable testimony pointing both to guilt and innocence,' because in that event 'the jury is left without basis, other than impermissible speculation, for its determination of either' " (People v Calabria, 3 NY3d 80, 82 [2004], quoting People v Jackson, 65 NY2d 265, 272 [1985]; see Hampton, 21 NY3d at 288). Here, however, the victim "did not provide internally inconsistent testimony, and [he] was not the source of 'all of the evidence of [defendant's] guilt' " (Hampton, 21 NY3d at 288; see Calabria, 3 NY3d at 82-83; People v Mulligan, 118 AD3d 1372, 1375 [4th Dept 2014], lv denied 25 NY3d 1075 [2015]). Indeed, the victim provided a rational explanation for the difference between his pretrial inability to identify defendant in the photo array and his in-court identification of defendant as one of the perpetrators—i.e., that although he was unable to recognize defendant "[j]ust based on the photo" alone, he was able to make an identification once he saw defendant in person at trial for the first time since the incident—and the victim was unwavering in his testimony that defendant was one of the perpetrators (see Delamota, 18 NY3d at 116; Calabria, 3 NY3d at 82-83). To the extent that the victim's pretrial statements regarding his description or identification of the perpetrators differed from his trial testimony, "resolution of such inconsistencies [was] for the jury" (Hampton, 21 NY3d at 288; see Delamota, 18 NY3d at 116; Jackson, 65 NY2d at 272).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence with respect to defendant's identity as a perpetrator (see People v Brown, 204 AD3d 1390, 1392 [4th Dept 2022], lv denied 39 NY3d 985 [2022]; People v Thomas, 176 AD3d 1639, 1640 [4th Dept 2019], lv denied 34 NY3d 1082 [2019]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Even assuming, arguendo, that a different verdict would [*3]not have been unreasonable, it cannot be said that the jury failed to give the evidence the weight it should be accorded (see Brown, 204 AD3d at 1393; Thomas, 176 AD3d at 1640; see generally Bleakley, 69 NY2d at 495).
Next, defendant contends that he was denied his right to meaningful representation because defense counsel failed to call his aunts as alibi witnesses and failed to call the customer of the food delivery to provide exculpatory testimony. We reject that contention. "To prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations" for defense counsel's allegedly deficient conduct (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Benevento, 91 NY2d 708, 712 [1998]; People v Atkins, 107 AD3d 1465, 1465 [4th Dept 2013], lv denied 21 NY3d 1040 [2013]). Here, the record establishes that defense counsel's decision not to call defendant's aunts in support of an alibi defense premised on defendant's purported presence at another location at the time of the incident, which the People had already contradicted with an analysis of defendant's cell phone data, " 'was a matter of trial strategy and cannot be characterized as ineffective assistance of counsel' " (Atkins, 107 AD3d at 1465; see People v Villone, 138 AD2d 971, 971 [4th Dept 1988], lv denied 72 NY2d 913 [1988]; see also People v Baldi, 54 NY2d 137, 147 [1981]). The record also establishes that, upon investigation, defense counsel discovered that the customer would not be able to provide exculpatory testimony, and we thus conclude that "[defense c]ounsel's decision not to call [that] witness, whose testimony he assessed as weak, was a strategic legal decision which does not amount to ineffective assistance of counsel" (People v Smith, 82 NY2d 731, 733 [1993]).
Finally, although we reject defendant's contention and the People's incorrect concession (see People v Berrios, 28 NY2d 361, 366-367 [1971]; People v Adair, 177 AD3d 1357, 1357 [4th Dept 2019], lv denied 34 NY3d 1125 [2020]) that the court erred in directing that the sentence on the kidnapping in the second degree count run consecutively to the concurrent sentences imposed on the robbery counts (see Penal Law § 70.25 [2]; People v Leonard, 206 AD3d 1665, 1666 [4th Dept 2022], lv denied 39 NY3d 1073 [2023], reconsideration denied 39 NY3d 1112 [2023]; see generally People v Brahney, 29 NY3d 10, 14-15 [2017], rearg denied 29 NY3d 10 [2017]), we nonetheless conclude that the imposition of consecutive sentences renders the sentence unduly harsh and severe under the circumstances of this case. We therefore modify the judgment, as a matter of discretion in the interest of justice, by directing that all of the sentences shall run concurrently with one another (see CPL 470.15 [6] [b]).
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court