People v Ross (2025 NY Slip Op 02439)

People v Ross

2025 NY Slip Op 02439

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, AND NOWAK, JJ.

91 KA 23-02104

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL ROSS, DEFENDANT-APPELLANT. 

THE LAW OFFICE OF PARKER R. MACKAY, KENMORE (PARKER R. MACKAY OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, ACTING DISTRICT ATTORNEY, BUFFALO (HARMONY A. HEALY OF COUNSEL), FOR RESPONDENT. 

 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Erie County (Paul Wojtaszek, J.), entered October 19, 2023. The order denied the motion of defendant pursuant to CPL 440.10 to vacate a judgment of conviction. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: Defendant appeals, by permission of this Court, from an order denying his motion pursuant to CPL 440.10 to vacate a judgment convicting him following a jury trial of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). We affirm.
The motion was based on, inter alia, defendant's assertion that his trial attorney was ineffective in failing to call his mother and niece as defense witnesses at trial, and the motion was supported by affidavits from both defendant's mother and niece. At the time of the hearing on the motion, however, defendant's mother was deceased. Defendant, his niece and defendant's trial attorney testified at the hearing.
In denying the motion, Supreme Court stated that it did not credit the testimony of defendant or his niece, and did not credit the affidavit of defendant's mother. The evidence at the hearing established that defendant's niece attended the trial but remained silent for approximately five years following the verdict before signing an affidavit at defendant's request stating that she had exculpatory testimony and had been ready, willing and able to testify at trial if only she had been asked to do so by defense counsel. In its decision, the court stated that "[t]here is little to no credibility attributable to these family members [of defendant] who logically could have come forward much sooner if in fact they had authentic, exculpatory information."
The court did, however, credit the testimony of defendant's trial counsel, who testified that he had no recollection of defendant or anyone else telling him that defendant's mother or niece had relevant testimony to offer at trial, and that during the trial defendant did not complain to trial counsel about the failure to call his mother or niece as witnesses. Defendant's trial counsel also testified that the notes in his file indicate that he met with defendant in jail multiple times prior to and during the trial, and that, at defendant's request, he traveled 200 miles to interview a potential defense witness. The record also establishes that defendant did not raise the issue of the possible trial testimony of his mother and niece in his pro se motion to set aside the verdict pursuant to CPL 330.30, on direct appeal or in either of his two subsequent motions for writs of error coram nobis (People v Ross, 151 AD3d 1782 [4th Dept 2017], lv denied 30 NY3d 983 [2017]; People v Ross, 129 AD3d 1556 [4th Dept 2015], lv denied 27 NY3d 1005 [2016], reconsideration denied 27 NY3d 1155 [2016]; People v Ross, 118 AD3d 1321 [4th Dept 2014], [*2]lv denied 23 NY3d 1067 [2014], reconsideration denied 24 NY3d 1122 [2015]). It was not until after the Court of Appeals denied defendant's application for leave to appeal in the most recent coram nobis proceeding that defendant alleged for the first time that his trial attorney was ineffective in failing to call exculpatory witnesses.
On appeal, defendant contends that defense counsel was ineffective in failing to interview his mother and niece to determine whether they could provide exculpatory testimony. "Essential to any representation, and to the attorney's consideration of the best course of action on behalf of the client, is the attorney's investigation of the law, the facts, and the issues that are relevant to the case" (People v Oliveras, 21 NY3d 339, 346 [2013]; see People v Sposito, 37 NY3d 1149, 1150 [2022]; see generally Strickland v Washington, 466 US 668, 690-691 [1984]). " 'To prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations' for defense counsel's allegedly deficient conduct" (People v Cleveland, 217 AD3d 1346, 1349 [4th Dept 2023], lv denied 40 NY3d 933 [2023], lv denied 41 NY3d 942 [2024], quoting People v Rivera, 71 NY2d 705, 709 [1988]).
Here, even assuming, arguendo, that defendant's trial counsel did not properly investigate defendant's mother and niece as potential witnesses, we must determine whether counsel's failure to do so " 'prejudice[d] the defense or defendant's right to a fair trial' " (People v Benevento, 91 NY2d 708, 714 [1998], quoting People v Hobot, 84 NY2d 1021, 1024 [1995]; see People v Howard, 231 AD3d 1493, 1495 [4th Dept 2024]). Because the court did not find the hearing testimony of defendant's niece to be credible, it cannot be said that defendant was prejudiced by trial counsel's failure to interview her or call her as a witness at trial. Stated otherwise, defense counsel cannot be deemed ineffective for failing to investigate or call witnesses whom the hearing court finds unworthy of belief (see People v Mosley, 155 AD3d 1124, 1128 [3d Dept 2017], lv denied 31 NY3d 985 [2018]; People v Llanos, 13 AD3d 76, 77 [1st Dept 2004], lv denied 4 NY3d 833 [2005]). Based on our review of the record, we perceive no basis to disturb the court's credibility determinations (see People v Keitt, 208 AD3d 1108, 1108 [1st Dept 2022], lv denied 39 NY3d 986 [2022]), which "are 'entitled to great weight' in light of its opportunity to see the witnesses, hear the testimony, and observe demeanor" (People v Thibodeau, 151 AD3d 1548, 1552 [4th Dept 2017], affd 31 NY3d 1155 [2018]; see People v Parsons, 169 AD3d 1425, 1426 [4th Dept 2019], lv denied 33 NY3d 980 [2019]). There is no authority supporting defendant's contention that a court entertaining a CPL 440.10 motion must assume the truth of all hearing testimony and leave credibility determinations for the jury to make at a retrial.
Finally, with respect to defendant's mother, defendant relied on her affidavit, which was signed more than five years after his trial. Even if defendant's trial counsel should have interviewed defendant's mother as a potential defense witness, she did not testify at the hearing and, thus, defendant failed to meet his burden of proving by a preponderance of the evidence every fact essential to support the motion (see CPL 440.30 [6]).
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court